UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEVELT DEWARREN MUSGRAVES,

                      Plaintiff,

v.                                                       Case No. 19-cv-1581-pp

STEPHEN C. DRIES, AARON R. O'NEAL,
JEFFREY A. WAGNER, JUSTICE KESSLER,
BRENNAN, and KLOPPENBERG,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 8), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 5), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING THE CASE**

---

The plaintiff, who is confined at Racine Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 8, his motion for preliminary injunction, dkt. no. 2, his motion to appoint counsel, dkt. no. 5, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 8)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with

his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 13, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $60.91. Dkt. No. 10. On December 2, 2019, the court received the fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has named six defendants: Stephen C. Dries (Clerk of Court for the U.S. District Court in the Eastern District of Wisconsin), Aaron R. O'Neal (whom the plaintiff says is an attorney with the Wisconsin Department

3

of Justice[1]), Judge Jeffrey A. Wagner (Milwaukee County Circuit Court), and Justices[2] Kessler, Brennan and Kloppenberg. Dkt. No. 1 at 1.

The plaintiff alleges that on August 15, 2019, he filed an emergency injunction against defendant Attorney O'Neal, who he alleges filed a fraudulent brief in the Wisconsin Court of Appeals in Case No. 2018AP1334. Id. at 2. The plaintiff alleges that O'Neal was not an attorney on that case. Id. While the plaintiff does not say so directly, it appears that rather than filing the emergency injunction with the Wisconsin Court of Appeals, he filed it in the federal court for the Eastern District of Wisconsin.

The plaintiff alleges that defendant Stephen Dries, refused to file the motion for an emergency injunction. Id. According to the plaintiff, Dries violated his non-discretionary duty to file the plaintiff's documents, thereby violating the plaintiff's right to access the court. Id. The plaintiff asserts that as a result of Dries refusing to file his motion, he suffered irreparable harm in Case No. 2018AP1334; specifically, the plaintiff alleges that "[t]he Wisconsin Court of [A]ppeals concealed O'Neal[']s fraud, misrepresented the record of circuit court Judge Wagner's admitted 'Ex Parte Communication,' and got rid of the case on August 27, 2019." Id.

The plaintiff states that on September 10, 2019, Dries corresponded with him. Id. He asserts that Dries acknowledged O'Neal's fraud, but he returned

---

[1] The court suspects the plaintiff is referring to Attorney Aaron O'Neil.

[2] Judge Joan Kessler, Judge Kitty Brennan and Judge Joanne Kloppenberg are judges on the District I Wisconsin Court of Appeals.

4

the plaintiff's filing to him, unfiled. Id. The plaintiff says that he resubmitted the emergency injunction on September 12, 2019, again asking for it to be filed, but that Dries still has not filed the pleading. Id.

About a month after the court received the complaint, the court received from the plaintiff some attachments to the complaint, which included a copy of the letter he claims to have received from Dries. Dkt. No. 12-1 at 8. The letter is on letterhead stationery from the Office of the Clerk and includes Dries's name at the top, but the letter is signed "Pro Se Staff Attorney." Id. The letter states:

> I received your letter asking the United States District Court for the Eastern District of Wisconsin to enter an order showing cause for a preliminary injunction and a restraining order against attorney Aaron O'Neal. You state that Attorney O'Neal is filing fraudulent briefs in your appeal before the Wisconsin Court of Appeals.
>
> Unfortunately, the court is unable to address your request because such a request should be filed as a motion in a pending case seeking relief of the same character. According to the court records, you do not have such a pending case. Therefore, you must first file a civil rights complaint and then ask the judge assigned to your case to address your motion.
>
> Enclosed please find the court's guide entitled 'Answers to Prisoner Litigants Common Questions' as well as a Guide to Filing Prisoner Complaints and blank complaint form.
>
> I am returning your letter and the attachments to you in case you did not retain copies.

Dkt. No. 12-1 at 8.

  B. Analysis

    1. *Stephen Dries*

The plaintiff has not stated a claim against defendant Dries for several reasons. First, §1983 requires that an individual be personally involved in the

5

constitutional violation that the plaintiff alleges he suffered. Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017). The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for the misconduct of a subordinate. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. Id. (quoting Jones v. City of Chi., 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." Jones, 856 F.2d at 992.

The plaintiff alleges that Dries refused to file his documents, but based on the exhibits the plaintiff filed, the court cannot reasonably conclude that Dries is the one who returned the plaintiff's documents to him. Dries did not sign the letter returning the documents. It is signed by a "Pro Se Staff Attorney," one of the lawyers who help the judges review, research and analyze *pro se* prisoner filings in §1983 cases. While the *pro se* staff attorney used the letterhead of the clerk's office, there is no indication that Dries knew what the *pro se* staff attorney did, or that he had any control over what the attorney did, or that he approved it or condoned it. Under §1983, he cannot be held liable for someone else's actions unless there is a basis to conclude that he directed, condoned or approved the actions.

Even if Dries had sent the letter and returned the plaintiff's pleading, Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by

filing a complaint with the court." In addition, Civil Local Rule 9(b) (E.D. Wis.) requires that "[p]risoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court. The Clerk of Court will provide the forms and directions for their preparation without charge."

The plaintiff did not file a complaint in federal court. Instead, he says that he had an open case in *state* court—Case No. 2018AP1334. Dkt. No. 12-1 at 9. Because he had not filed a lawsuit in *federal* court, a *pro se* staff attorney wrote to the plaintiff stating that before a judge could address his motion, he needed to file a federal lawsuit. The way to file a federal lawsuit, as indicated by Civil L.R. 9(b), is to file a complaint. That's because the filing of a complaint triggers certain actions—it causes the clerk to open a case and to assign that case to a judge; it cause the judge to review, or "screen," the complaint; and if the complaint states a claim, it causes the clerk to serve the complaint on all of the defendants sued in the complaint. Once all of that has occurred, a judge will rule on a party's motion after all parties have had a chance to present their arguments.

The plaintiff appears to have wanted a federal judge to grant his motion, but for that to happen, he first needed to file a federal lawsuit (a complaint), and then file the motion *in that lawsuit*. Because he hadn't filed a federal lawsuit, the *pro se* staff attorney returned the plaintiff's motion to him and provided him with a complaint form and an informational guide to start the

7

process. Instead of filling out the complaint form and opening a lawsuit, however, the plaintiff elected to sue Dries and the other defendants he has named.

The Constitution guarantees prisoners, like other citizens, the right of access to the courts. See, *e.g.*, Marshall v. Knight, 445 F.3d 965, 968 n.1 (7th Cir. 2006) ("Supreme Court decisions spanning the past 130 years have grounded the right of access to the courts in several different constitutional provisions, including Article IV's Privileges and Immunities Clause, the First Amendment's Petition Clause, the Fifth Amendments' Due Process Clause, and the Fourteenth Amendment's Equal Protection and Due Process Clauses.") Courts have held, however, that plaintiffs do not have a constitutional right to file documents that violate court rules. See Sherrod v. Grosbell, No. 13-C-6800, 2014 WL 523395 at *2 (N.D. Ill. Feb. 7, 2014); James v. Cayce, No. 13-C-4898, 2013 WL 3807962 at *2 (E.D. La. July 19, 2013); Snyder v. Nolen, 380 F.3d 279, 292 (7th Cir. 2004) (per curiam) (Easterbrook, J., concurring). The plaintiff insists that his rights have been violated because Dries (more accurately, the *pro se* staff attorney) refused to follow the rules for filing documents, but it is the plaintiff who refused to follow the rules for opening a case. The court, through the *pro se* staff attorney, gave the plaintiff the opportunity to correct his error, but he didn't.

The U.S. Supreme Court has held that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher v. Harbury, 536 U.S.

403, 414-15 (2002). In other words, to state an access-to-the-courts claim, a plaintiff must identify "a nonfrivolous, underlying claim" that an official thwarted him from pursuing. Snyder, 380 F.3d at 296 (Ripple, J., dissenting); see also id. at 293 (Kanne, J., concurring). The plaintiff has not identified a non-frivolous, underlying claim that Dries's alleged actions thwarted him from pursuing.

To begin, the plaintiff never tried to bring a claim. He didn't file a complaint—which is how one brings a claim in court—even after the *pro se* staff attorney told him how to do so. It would defy logic to hold Dries (or anyone else at the court) liable for thwarting the plaintiff's attempts pursue a claim, when the plaintiff never attempted to pursue a claim in the first place.

The complaint is unclear about what claim the plaintiff alleges Dries prevented him from pursuing. In addition to Dries, the plaintiff sued Aaron O'Neal, an attorney with the Wisconsin Department of Justice, Milwaukee County Circuit Court Judge Jeffrey Wagner, and Wisconsin District I Court of Appeals Judges Kessler, Brennan and Kloppenberg. A review of the public docket for Case No. 2018AP1334 shows that the plaintiff filed his appeal on July 13, 2018, that he represented himself, that he filed his brief on September 17, 2018, that the state filed its brief on December 19, 2018, that the plaintiff filed his reply brief on January 4, 2019, that the Court of Appeals received a copy of the plaintiff's emergency injunction motion on August 21, 2019, and that Judges Kessler, Brennan and Kloppenberg issued a decision affirming Circuit Court Judge Wagner's decision on August 27, 2019.

9

https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2018AP001334&cacheI
d=2385535876BA85F6E63E0C4FCAB58E05&recordCount=1&offset=0&linkOn
lyToForm=false&sortDirection=DESC.

The plaintiff asserts that because Dries refused to file his emergency injunction in federal court, the Court of Appeals concealed O'Neal's alleged fraud, "misrepresented the record of circuit court Judge Wagner's admitted 'Ex Parte Communication,' and got rid of the case on August 27, 2019." Dkt. No. 1 at 2. It appears that the plaintiff believes that if the federal court had docketed his motion when the clerk's office received it (presumably sometime between August 15, 2019, when the plaintiff signed it, and September 10, 2019, when the *pro se* staff attorney returned it), the court of appeals would not have "got rid" of his appeal. Based on the court's review of the motion (which was part of the plaintiff's attachments, Dkt. No. 12-1 at 3-4), the plaintiff is mistaken.

The August 15, 2019 "Emergency Injunction" complained that Attorney Aaron R. O'Neal had submitted a "Fraudulent Brief" in Wisconsin Court of Appeals Case No. 2018-AP-1334, because O'Neal was not an attorney of record in the case. Dkt. No. 12-1. It asserted that the plaintiff had filed a motion for default, or to vacate, in the court of appeals on June 27, 2019, but that "it [was] being ignored." Id. The motion also asserted that O'Neal was raising new issues in the appeal, which he alleged posed a danger to his due-process rights. Id. The motion does *not,* however, say who the plaintiff wanted this court to enjoin—O'Neal? The court of appeals? Judge Wagner? The motion does not say what action the plaintiff wanted the court to enjoin—did he want the

10

court to enjoin O'Neal from filing more briefs? To forbid the court of appeals from issuing a decision? To require the court of appeals to consider his motion for default/to vacate?

Even more to the point, it appears that the plaintiff was trying to have this court exercise jurisdiction over an issue that was being litigated in a pending state court case. As of August 15, 2019, the plaintiff's appeal was still pending and the court of appeals had not yet ruled. "Younger abstention ordinarily requires federal courts to refrain from exercising jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." Courthouse News Service v. Brown, 905 F.3d 1063, 1072 (7th Cir. 2018); Younger v. Harris, 401 U.S. 37 (1971). Even if the clerk's office had filed the plaintiff's motion, the court would not have allowed the plaintiff to proceed with a due-process claim against O'Neal because, absent extraordinary circumstances not present here, federal courts are not permitted to interfere with ongoing state court proceedings.

Dries was not personally responsible for returning the plaintiff's motion. Even if he was, he would have been correct to do so, because the motion did not comply with the federal and local rules. Even if the plaintiff had opened a case and then filed the motion, he would not have been able to pursue here in federal court the relief he sought (although he could have sought it in state court). The plaintiff has not stated a claim against Dries.

11

### 2. *Judges Wagner, Kessler, Brennan and Kloppenburg*

While most of the complaint focuses on the plaintiff's allegation that Dries refused to file his preliminary injunction motion, the plaintiff also sued Milwaukee County Circuit Court Judge Wagner and Court of Appeals judges Kessler, Brennan and Kloppenburg. The court will not allow the plaintiff to proceed against these judges.

The complaint's allegations against the judges are too vague to state a claim. As to Judge Wagner, the complaint says that the "Wisconsin Court of Appeals . . . misrepresented the record of circuit court Judge Wagner's admitted 'Ex Parte Communication.'" Dkt. No. 1 at 2. The complaint does not state what Judge Wagner's alleged "admitted 'Ex Parte Communication'" was, who he communicated with, when and where the communication took place or why the plaintiff believes that communication violated his constitutional rights. As to Judges Kessler, Brennan and Kloppenburg, the body of the complaint does not mention them by name. The court assumes that when the complaint refers to the "Wisconsin Court of Appeals," he is referring to these three judges, who were the members of the panel that decided his appeal. The complaint alleges that the Wisconsin Court of Appeals—Judges Kessler, Brennan and Kloppenburg—"concealed O'Neals fraud, misrepresented the record of circuit court Judge Wagner's admitted 'Ex Part Communication,' and got rid of the case on August 27, 2019." <u>Id.</u> It does not explain what, exactly, the three judges did to conceal the alleged fraud by O'Neal (the court assumes that by "fraud," the plaintiff was referring to his allegation that O'Neal filed a brief

12

when he wasn't an attorney on the case). He does not explain how the judges "misrepresented" the alleged *ex parte* communication by Judge Wagner. He does not explain what was unlawful about the judges affirming Judge Wagner's decision.

Sometimes when a complaint doesn't contain enough facts to state a claim, the court will give the plaintiff an opportunity to amend it. In the plaintiff's case, however, that would be futile. Judges Wagner, Kessler, Brennan and Kloppenburg are entitled to absolute immunity from liability for their judicial or adjudicative acts. Forrester v. White, 484 U.S. 219, 225-27 (1988); 28 U.S.C. § 19915A(b)(2) (instructing courts to dismiss complaints that seek monetary relief from a defendant who is immune from such relief).

        3.     *Aaron O'Neal*

The allegations against O'Neal also are too vague to state a claim. The plaintiff asserts that, despite not being an attorney in the plaintiff's appeal, O'Neal filed a "fraudulent" brief. Dkt. No. 1 at 2. The complaint does not explain what was "fraudulent" about the brief O'Neal filed. Perhaps he doesn't mean that the brief itself was fraudulent, but believes it was fraudulent for O'Neal to file a brief when he was not listed as counsel of record. The complaint says that O'Neal was employed by the Wisconsin Department of Justice. The Wisconsin Department of Justice was representing the appellee (the state) in the appeal. The plaintiff does not cite any authority indicating that a particular attorney with the Department of Justice had to be responsible for all of the briefs filed in the appeal.

13

Regardless, the plaintiff has not explained how O'Neal's filing of an allegedly fraudulent brief violated his right to access to the courts. The plaintiff had the right to file a reply brief, and he *did* file a reply brief. He had the ability to argue to the Court of Appeals judges that he believed O'Neal had done something fraudulent. The Court of Appeals judges had the authority to decide whether to accept and consider O'Neal's brief as part of the appellate record. The plaintiff had access to the Court of Appeals; O'Neal did not deny him that access.

The plaintiff has not stated a claim against any of the defendants.

### III. The Plaintiff's Motion for Preliminary Injunction (Dkt. No. 2)

The plaintiff now has an open case, and he filed his motion for preliminary injunction along with the complaint. Dkt. No. 2. "[A] preliminary injunction is an extraordinary remedy which is not available unless plaintiffs carry their burden" of proving the factors the Seventh Circuit has laid out. Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 383 (7th Cir. 1984) (quoting Shaffer v. Globe Protection, Inc., 721 F.2d 1121, 1123 (7th Cir. 1983)). A party seeking a preliminary injunction must show that "he has no adequate remedy at law or will suffer irreparable harm if the injunction is denied; that this harm will be greater than the harm the defendant will suffer if the injunction is granted; that the plaintiff has a reasonable likelihood of success on the merits; and that the injunction will not harm the public interest." Id. (collecting cases).

The plaintiff cannot make this showing. The harm the plaintiff complains of—that because the motion was not docketed in mid-August 2019, he lost his state appeal—has already occurred. Any injunction this court might issue now could not prevent that harm, because it is in the past. The plaintiff had an adequate remedy at law. He could have—and, it appears from the Court of Appeals docket, he *did*—ask the Court of Appeals to reconsider its decision. (The court denied that motion on September 16, 2019.) https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2018AP001334&cacheId=2385535876BA85F6E63E0C4FCAB58E05&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC. He could have filed a petition for review with the Wisconsin Supreme Court within thirty days of the date the Court of Appeals denied his motion to reconsider. Wis. Stat. §808.10(1). The court cannot conclude that the plaintiff has a reasonable likelihood of success on the merits of his federal lawsuit, for the reasons the court has discussed above. The court will deny the plaintiff's motion for a preliminary restraining order.

**IV.    The Plaintiff's Motion to Appoint Counsel (Dkt. No. 5)**

In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the court first considers whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019), (quoting Pruitt v. Mote, 503 F.3d 647, 653

15

(7th Cir. 2007)). This district requires that a plaintiff show that he contacted at least three lawyers; he must provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

The plaintiff states in his motion that he "made repeated efforts to obtain a lawyer." Dkt. No. 5 at 1. As support, he attaches a letter from attorney Chris Donovan, who declined to represent the plaintiff. Dkt. No. 5-2 at 1. Attorney Donovan informed the plaintiff, "I don't see how a federal court could do anything about what a state court did (or did not do)." Id.

The plaintiff also attached correspondence from a social worker at his institution, confirming a telephone call with a lawyer on September 18, 2019. Dkt. No. 5-2 at 2. The plaintiff does not indicate what he spoke to the lawyer about or what the lawyer's response was.

Even if the court assumes that the plaintiff made reasonable efforts to try to hire a lawyer on his own, the court would not grant the plaintiff's request to appoint counsel. There is nothing for a lawyer to help with. The plaintiff has not stated a claim. He is not entitled to injunctive relief. The court is dismissing the case.

## V. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 8.

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 2.

The court **DENIES** the plaintiff's motion to appoint counsel. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $289.09 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the institution where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**