UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEVELT DEWARREN MUSGRAVES,

        Plaintiff,

v.                                        Case No. 19-cv-1581-pp

STEPHEN C. DRIES, *et al.*,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT AND TO AMEND COMPLAINT (DKT NO. 17)**

---

On January 29, 2020, the court screened the plaintiff's complaint, found that he failed to state a claim upon which relief could be granted and dismissed the case. Dkt. No. 15. A couple of weeks later, the plaintiff filed a motion to alter the judgment; he also asked leave to amend his complaint. Dkt. No. 17.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. The plaintiff must "bring to the district court's attention a manifest error of law or fact, or newly discovered evidence." Bordelon v. Chi. School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). The rule "does not provide a vehicle for a party to undo its own procedural failures . . . ." Id. (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)). Further, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v.

1

Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted).

As the court described in its screening order, the plaintiff had alleged that the defendant, then Clerk of Court Stephen Dries, prevented him from accessing the court when Dries returned the plaintiff's emergency injunction to him unfiled and instructed him to first open a lawsuit by filing a complaint on the court's form. Dkt. No. 15 at 3-5. The court explained why those allegations failed to state a claim against Dries. Id. at 5-11. One of the reasons was that Dries was not responsible for the alleged misconduct. Id. A *pro se* staff attorney, not Dries, had returned the plaintiff's motion to him with instructions to first open a lawsuit by filing a complaint. Id. The court went on to explain that, even if Dries had returned the emergency injunction to the plaintiff unfiled, "he would have been correct to do so, because the [plaintiff's] motion did not comply with the federal and local rules." Id. at 15.

In his motion to alter the judgment, the plaintiff does not present newly discovered evidence, nor does he identify a "manifest error of law"; instead, he disagrees with the court's analysis. That disagreement is not a sufficient basis to grant his motion. Oto, 224 F.3d at 606. Also, the plaintiff's attempt to address one of the deficiencies the court identified by amending the complaint to name the *pro se* staff attorney as a defendant instead of Dries would not cure the other deficiencies the court identified in the plaintiff's complaint. As the court explained, returning the plaintiff's emergency motion to him unfiled was correct, *regardless of who it was that returned it.* In other words, even if

the plaintiff had sued the *pro se* staff attorney rather than Dries, he still would not have stated a claim. Allowing him to amend his complaint in the way he seeks would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (acknowledging that, while district courts should grant leave to amend freely, they need not grant leave if it would be futile to do so).

The court **DENIES** the plaintiff's motion to alter judgment and to amend his complaint. Dkt. No. 17.

Dated in Milwaukee, Wisconsin, this 1st day of June, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:19-cv-01581-PP   Filed 06/01/20   Page 3 of 3   Document 21